# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | |
|---|---|
| PJM POWER PROVIDERS GROUP,<br><br>Petitioner,<br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Respondent. | Case No. 23-1778 |
| CONSTELLATION ENERGY GENERATION LLC,<br><br>Petitioner,<br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Respondent. | Case No. 23-1790 |
| ELECTRIC POWER SUPPLY ASSOCIATION,<br><br>Petitioner,<br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Respondent. | Case No. 23-1808 |

**PETITIONER'S RESPONSE TO MOTION OF THE INDEPENDENT MARKET MONITOR FOR PJM FOR LEAVE TO INTERVENE**

In accordance with Federal Rule of Appellate Procedure 27(a)(3), Petitioner

Constellation Energy Generation LLC ("Constellation") submits this Response

1

Opposing the Motion of the Independent Market Monitor for Leave to Intervene (Dkt. 13) ("Intervention Motion"). While Constellation has no objection to the Independent Market Monitor ("Monitor") filing an amicus brief in these consolidated cases, the Monitor has not justified intervention by identifying a cognizable legal interest affected by this litigation that cannot be adequately represented by existing parties. *See generally Old Dominion Elec. Coop. v. FERC*, 892 F.3d 1223, 1232-34 (D.C. Cir. 2018) (denying the Monitor's motion to intervene in analogous circumstances). In support of this Response, Constellation states as follows:

1.     A party seeking to intervene in a proceeding reviewing agency action must file a timely motion that identifies the "interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). In the Rule 15(d) context, putative intervenors must "demonstrate Article III standing" by "establish[ing] injury-in-fact to a legally protected interest, causation, and redressability." *Old Dominion*, 892 F.3d at 1232-33. In the analogous context of Federal Rule of Civil Procedure 24(a)(2), this Court requires would-be intervenors to identify a "sufficient interest in the underlying litigation" and a "threat that the interest will be impaired or affected by the disposition of the underlying action." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005); *cf. Old Dominion*, 892 F.3d at 1233 (relying on Rule 24(a)(2) cases in the Rule 15(d) context). In

addition, the movant must show "inadequate representation of the prospective intervenor's interest by existing parties to the litigation." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998); *see also Old Dominion*, 892 F.3d at 1233 (noting that the court "also looks" to "whether the existing parties can be expected to vindicate the would-be intervenor's interests").

   2. Here, the Monitor has not identified any legally protected interest, much less one that is affected by the disposition of this matter. The Intervention Motion merely outlines the Monitor's various roles, including its independent "market monitoring function" pursuant to an agreement with PJM; its ability to "fil[e] pleadings in regulatory proceedings"; and its responsibility under the Tariff to "evaluate offers to determine whether such offers are at competitive levels" or "raise market power concerns." Intervention Motion at 2-3. The D.C. Circuit has already held that none of those functions gives rise to a legally protected interest—with respect to this particular Monitor and these exact functions. As the D.C. Circuit explained, the Monitor's market monitoring role "is much in the nature of an auditor," and is "largely confined to observing the market's operations and then offering recommendations to PJM." *Old Dominion*, 892 F.3d at 1233. And while the Monitor may "mak[e] some regulatory filings," it has "no authority to enforce or to interpret the PJM Agreement or Tariff, to direct changes in the market's operations, to alter market rules, or to police individual members' compliance."

*Id.* These activities do not "invest the Monitor with any legally cognizable rights" in the PJM markets. *Id.* And even if they did, the Monitor has not shown how the outcome of this proceeding would affect those interests. *See id.* at 1234 ("Whether [the petitioner] wins or loses, the Monitor's ability to observe the market's operations and to make recommendations or to inform potentially interested parties of its observations remains the same."). The Monitor thus lacks a "sufficient interest" that will be "impaired or affected . . . by the disposition of the action." *Kleissler*, 157 F.3d at 969.

3. Nor has the Monitor shown why the Federal Energy Regulatory Commission (the "Commission") cannot adequately represent its purported interests. The Commission, too, seeks to ensure competitive and efficient market conditions by ensuring just and reasonable rates. *See* 16 U.S.C. § 824d(a). And the Monitor praises the Commission's order for accepting Tariff revisions that "make[] sense, preserve[] an efficient market design, and avoid[] charging customers unjust and unreasonable prices for capacity in future delivery years." Intervention Motion at 4. Wholly absent from the Intervention Motion is any explanation of how the Monitor's interests differ from the Commission's. *Cf. Brody ex rel. Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (requiring a would-be intervenor to show, as relevant here, that "although the applicant's interests are similar to those of a party, they diverge sufficiently that the existing

party cannot devote proper attention to the applicant's interests"). The Monitor therefore has not established a "reasonable doubt whether the government agency would adequately represent" its interests. *Kleissler*, 157 F.3d at 967.

WHEREFORE, for the reasons stated herein, Constellation respectfully requests that the Monitor's Intervention Motion be denied.

Dated:  May 30, 2023                                       Respectfully submitted,

/s/ Matthew E. Price
Matthew E. Price
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
(202) 639-6000
mprice@jenner.com

*Counsel for Petitioner*
*Constellation Energy Generation LLC*

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 780 words, excluding the parts exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that the foregoing document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word and 14-point Times New Roman font.

I further certify that, pursuant to Third Circuit Rule 31.1(c), a virus check of the electronic PDF of this document was performed using Palo Alto WildFire, and according to that program no virus was detected.

Dated:  May 30, 2023                                      /s/ Matthew E. Price
                                                                         Matthew E. Price

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Third Circuit using the CM/ECF system. I certify that all participants in the consolidated cases are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 30, 2023　　　　　　　　　　　　　/s/ Matthew E. Price
　　　　　　　　　　　　　　　　　　　　　　Matthew E. Price